## South Side Trust Company of Pittsburgh, Administrator of Estate of Albert Hetzel, Deceased, Appellant, *v.* Long et al.

*Beneficial societies—Death benefits—Dues—Payments — Beneficial standing.*

The constitution of an unincorporated union provided that a member who did not pay his dues upon the first of the month would lose his beneficial standing, and that a member whose dues remained unpaid for a period of two months could be suspended. A member paid his dues for June on June 14th, and died on June 15th. Under such circumstances, it was held that the deceased, having died in the month of June, and having failed to pay his dues for that month before the first of the month, was not entitled to sick and death benefits, although he still remained a member of the union.

The mere receipt of the dues of a member, after the first day of the month upon which they should have been paid, was not a waiver of any right of the organization, for the constitution gave him the right to pay the dues at any time before it became the duty of the officers to suspend him, for a two months' default. During these two months he would be a nonbeneficial member, but he had the right, by paying the dues as required by the constitution, to resume his beneficial standing with the beginning of the next month.

Argued May 3, 1920. Appeal, No. 110, April T., 1920, by plaintiff, from judgment of C. P. Allegheny County, Oct. T., 1918, No. 968, in equity in case of The South Side Trust Company of Pittsburgh, Administrator of the Estate of Albert Hetzel, deceased, v. S. G. Long,

154 SO. SIDE TR. CO. OF PITTSBURGH, Adm., *v.* LONG.

Statement of Facts—Opinion of Court below. [75 Pa. Superior Ct.

President; Joseph B. Finegan, Corresponding Financial Secretary, and Justin G. Fest, Treasurer, and Members of Local Union, No. 20, of Pittsburgh, Pa., of the Journeymen Barbers' International Union of America, an Unincorporated Beneficial Association, as Representing themselves and All Others Having an Interest in said Local Union and Unincorporated Association. Before PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity by the administrator of a deceased member against an unincorporated association paying sick and death benefits.

SHAFER, P. J., dismissed the bill in the following opinion:

The bill is by the administrator of a deceased member against an unincorporated association paying sick and death benefits.

### FINDINGS OF FACT.

1. The Journeymen Barbers' International Union of America is an unincorporated association or trade union, existing throughout the United States and having subordinate lodges or local unions.

2. Local Union No. 20 of this association has its place of business in Pittsburgh, and Albert Hetzel, the plaintiff's decedent, was a member of this union.

3. Among the privileges and benefits of membership in the union is the right to death benefits, apportioned to the length of time the member has been a continuous contributing member to the International Union, Hetzel having been such member from ten to fifteen years, and being therefore entitled to a death benefit of $350 as provided by the constitution of the union, provided he was, at the time of his death, a beneficial member under the constitution.

4. The constitution provides that all claims for death benefits shall be made through and by the local union,

the claim, however, being paid by the International Union.

5. It is provided by section 32 of the constitution that "a member, to be entitled to sick and death benefits, shall pay his dues on or before the first day of the month for which they are due," and by section 115 it is provided that every member of a local union shall pay not less than 75 cents a month, to be paid on or before the first day of the month for which it is due, and that no member shall be entitled to benefits unless dues are paid as therein provided for, and to this section is added an example, as follows:

"As an example, how dues are to be paid in order to entitle a member to benefits as provided by these rules, January dues must be paid in full not later than January 1st, except as above provided for."

The deceased, as well as all other members of the union, was provided with a copy of the constitution, followed by pages having names of the months printed on them, upon which were to be affixed stamps showing payment for that month. It appears from this book produced by the plaintiff that Hetzel on April 29, 1915, paid his dues for May, 1915; that on June 14, 1915, he paid his dues for June, and he died on June 15, 1915.

6. It appears from the decedent's book that he not unfrequently paid the dues for a month after the 1st of that month; and it further appears from the books of the union that many of the payments of monthly dues made by members of the society were made after the 1st of the month for which they were paid.

### CONCLUSIONS OF LAW.

1. The deceased member having died in the month of June and having failed to pay his dues for that month before the 1st day of the month, ceased to be entitled to sick and death benefits, although he still remained a member of the union.

2. It is contended, however, by the plaintiff that the fact of the union's having received dues from the de-

ceased many times after the 1st of the month, and from other members in large numbers in the same way, and having received from plaintiff's decedent the dues for June after the 1st of the month, amounted to a waiver of the rule. We are clearly of opinion that there is no merit in this contention, because the treasurer was bound to receive payments when made, whether they were made in time or not, and the party had a right to make them, to keep himself from being suspended from all the privileges of the society, and further because the local officers could have no power to dispense with the rules of the society as to time of payment, and there is no evidence that the International Union or its officers had any notice of the time when these payments were made, nor does the fact that the deceased on various occasions, and a large number of other members on various occasions, suffered the beneficial feature of their membership to lapse for a month by nonpayment of the dues for that month before it began, amount to a waiver of the rules of the society.

3. We are of opinion, therefore, that the deceased at the time of the death was not entitled under the rules of the union, to any sick or death benefits.

The bill is therefore dismissed, with costs to be paid by the plaintiff.

The plaintiff filed various exceptions to findings of fact and conclusions of law which the court subsequently dismissed.

*Error assigned,* among others, was the decree of the court dismissing exceptions.

*Denis A. E. Behen,* and with him *D. J. Hern,* for appellant.—In an attempt by the defendant association to declare a forfeiture, the rules and regulations of its constitution must be strictly construed against it: Yost v. Anchor Fire Ins. Co., 38 Pa. Superior Ct. 594, at p. 601; Wheeler v. Lackawanna Coal Co., 5 Lack. L. N. 100;

153, (1920).] Arguments—Opinion of the Court.

Mathers v. Protected Home Circle, 55 Pa. Superior Ct. 421, at p. 428; Eilenberger v. Protective Insurance Co., 89 Pa. 464.

The acceptance of the dues on the 14th of the month rendered the deceased in good standing and prevented a forfeiture.

*W. J. Brennen,* for appellee, cited: Dickinson v. Ancient Order of United Workmen, 159 Pa. 258; Lantz v. Vermont Life Ins. Co., 139 Pa. 546; Duffy v. Alta Friendly Society, 17 Pa. Superior Ct. 531.

OPINION BY PORTER, J., October 11, 1920:

The findings of fact by the court below and the conclusions of law, of the learned president judge, which will appear in the report of this case, render an extended discussion of the questions involved unnecessary. The plaintiff filed this bill in equity, averring a right to recover arising out of the provisions of the constitution of the defendant, an unincorporated association of workmen. The association had not issued any certificate covenanting to pay upon the death of plaintiff's decedent, and the case does not present any question of the right of a beneficial association to modify the covenants of such a certificate, by provisions contained in the constitution or by-laws. The plaintiff must recover, if at all, upon the provisions of the constitution of the defendant association.

The defendant is an association of workmen and, like all unions of that character, its primary purpose was the uniting of the workmen in a trade for the protection and advancement of their common interests. It is manifest that the existence of such an organization is essentially dependent upon the payment of dues by the individual members. The members of this union saw fit to embody in their constitution the provisions quoted, in the findings by the court below, requiring each member to pay seventy-five cents a month "to be paid on or before the

first day of each month for which it is due" and, in immediate connection therewith, declared that: "No member shall be entitled to benefits unless dues are paid as herein provided." In section 32 they adopted as the law of their union this specific provision: "A member to be entitled to sick and death benefits shall pay his dues on or before the first day of the month for which they are due." These provisions did not render the default of the member in prompt payment of dues a reason for his suspension, nor deprive him of any benefit of membership in the organization, except the right to sick and death benefits. He was still a member of the union and his right to recognition as such could not be challenged. When he failed to pay his dues on or prior to the first day of the month he was not during that month entitled to sick or death benefits, but he could, by payment of all his dues on or prior to the first day of the following month, become, during that succeeding month, a beneficial member. These provisions were manifestly incorporated in the constitution for the purpose of holding out to members an inducement to promptly pay their dues. In order, however, to prevent imposition on the union by defaulting members, who might become sick during their default, it was provided in section 32 that any member who had become debarred from benefits by the nonpayment of his dues, could not by paying the same entitle himself to benefits for a sickness commencing before the dues were paid. The plaintiff is seeking to recover under section 37, of the constitution, which provides that: "Upon the death of a member who is in benefit standing and has been a continuous contributing member in the International Union for at least one year, the following death benefits shall be paid," and then follows a schedule of the rates, dependent upon duration of membership. We have here, in the very section upon which the plaintiff must rely for recovery, clearly recognized the distinction between those members who are in benefit standing and those who are nonbeneficial, but

still members in good standing for all other purposes. Section 78 ordains that: "Any member who is, on the last day of each month, indebted to a local union for either dues, fines, assessments, or any other indebtedness, ......equal in amount to two months' dues shall stand suspended. Any corresponding-financial secretary failing to enforce this section shall be fined," etc. This section, taken in connection with those heretofore referred to, renders clear the distinction between the two classes of members; those who were of beneficial standing and those who were nonbeneficial but otherwise in good standing. It is only when a member is, at the end of any month, in default for two months, that he can be suspended. Down until that time the officers of the local union are bound to receive any dues which he may tender, for although he has become nonbeneficial, he is still a member for all other purposes. It is, therefore, clear that the mere receipt of the dues of a member, after the first day of the month upon which they should have been paid, is not a waiver of any right of the organization for the constitution gives him the right to pay the dues at any time before it becomes the duty of the officers to suspend him, for a two months' default. During those two months he is a nonbeneficial member, but he has the right, by paying the dues as required by the constitution, to resume his beneficial standing, with the beginning of the next month.

The decree is affirmed and the appeal dismissed at cost of the appellant.